IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEENAN COFIELD, #326109 * <br> Petitioner <br> v. * CIVIL ACTION NO. CCB-05-2111 <br> UNITED STATES OF AMERICA * <br> Respondent. <br> ****** | |

**MEMORANDUM**

On February 26, 2004, a four-count indictment was entered against petitioner in this court. *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004). On October 29, 2004, petitioner signed a plea agreement, agreeing to plead guilty to one count of conspiracy to utter a forged or stolen U.S. Treasury check, in violation of 18 U.S.C. § 371. On May 16, 2005, petitioner was sentenced to a ten-month term in the U.S. Bureau of Prisons, three years of supervised release, and was ordered to pay a $100.00 special assessment. *Id*. at Paper No. 66. Appeal of the criminal judgment remains pending.

The court observes that on June 17, 2005, petitioner filed a motion pursuant to 28 U.S.C. §§ 2241& 2255. *Id*. at Paper No. 77. The allegations were construed by the Honorable Marvin J. Garbis to involve petitioner's requests that: (i) his 10-month sentence be made to run concurrent to any state sentences; (ii) the court issue an order that would require the state to award him credit against his state sentence for the period of time he was on home confinement on the federal charges; and (iii) the court advise the state that the court has no objection if the state would utilize the fact that petitioner was on home confinement for any purpose. *Id*. at Paper No. 85. On July 19, 2005, Judge Garbis denied the motion, holding that the 10-month sentence was to run as a consecutive, not current, sentence to any state sentence and that the court "will not purport to tell state authorities

what they can or should do in regard to defendant Cofield's state sentence or conditions of confinement." *United States v. Cofield*, Criminal No. MJG-04-099 at Paper No. 85.

Petitioner is currently confined in a Maryland Division of Correction facility serving his state sentences. On August 2, 2005, this court received for filing his 28 U.S.C. § 2241 petition for writ of habeas corpus, which attacks the aforementioned federal conviction on grounds of lack of subject-matter jurisdiction and lack of a warrant. Paper No. 1. In addition, petitioner seemingly claims that: his federal and state sentences are to run concurrent; he should receive credit towards his federal sentence;[1] his transfer to state custody by the U.S. Marshal constitutes a waiver of the federal sentence; and the U.S. Marshal improperly filed a detainer with state corrections authorities. *Id*.

Because he appears indigent, petitioner's motion to proceed in forma pauperis shall be granted. *See* 28 U.S.C. § 1915(a). His petition, however, shall be subject to summary dismissal.

To the extent that petitioner is seeking habeas corpus review of his convictions and sentence in this court, habeas relief shall not issue. The law is well established that a § 2241 petition is intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (en banc). As noted, petitioner's direct appeal is currently pending before the United States Court of Appeals for the Fourth Circuit. Petitioner may be attempting to utilize § 2241 under the "savings clause" provision of § 2255[2] to

---

[1] Petitioner claims that he should receive credit towards his federal sentence from February 24, 2004, the date on which he began his state sentences imposed in the Circuit Court for Baltimore County. Paper No. 1.

[2] 28 U.S.C. § 2255 provides in part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

attack the validity of the criminal judgment on the basis that the § 2255 remedy is inadequate and ineffective to test the legality of his conviction. Under the law in this circuit, however, he may not do so. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

> "It is well established that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision ... [The Fourth Circuit Court of Appeals has] held: § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Young v. Conley*, 128 F. Supp.2d 254, 357 (S.D. W.Va. 2001) (*quoting In re Jones*, 226 F.3d 328 (4th Cir. 2000)) (internal citations omitted).

Given the pendency of petitioner's direct appeal, an attempt to file a § 2255 motion at this juncture would in all likelihood be premature. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939) (motions to vacate sentence will generally not be heard where the direct appeal of the conviction and sentence is pending, except in "exceptional circumstances"). This does not, however, render his § 2255 remedy ineffective or inadequate. For the aforementioned reason, the court finds that petitioner's grounds attacking the legality of his federal conviction in this court are not cognizable under § 2241.[3]

Finally, the record in *United States v. Cofield*, Criminal No. MJG-04-099, plainly shows that petitioner's 10-month federal sentence is to run consecutive to his pre-existing state sentences. Further, as previously noted, in an opinion entered on July 19, 2005, Judge Garbis indicated that this federal court would not intervene with regard to the award of credits towards petitioner's state sentence for his "federal home detention." The court therefore finds that petitioner's claims with regard to the execution of his sentence are without merit.

---

[3] It is not clear whether these grounds have been raised on direct appeal.

For the aforementioned reasons, this petition for habeas corpus relief shall be dismissed. A separate Order follows.

September 21, 2005                                   /s/
        Date                                 Catherine C. Blake
                                             United States District Judge